FILED
2017 Apr-24 AM 09:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

**BEONKA TURNER,**

**Plaintiff,**

**v.**

**CITY OF GADSDEN;
BRIAN HARBISON, individually and in his official capacity;
JOHN CRANE, individually and in his official capacity.**

**Defendants.**

**Civil Action No.: ______________**

**JURY DEMAND**

## COMPLAINT

COMES NOW, Plaintiff, Beonka Turner, by and through undersigned counsel, and brings this civil action to vindicate her rights under the United States Constitution, the Alabama State Constitution, and under the statutory laws of the United States and Alabama. This is an action for damages sustained by Plaintiff as a result of Defendants reckless disregard of Plaintiff's civil rights as a citizen of the State of Alabama and the United States of America. This is also an action against Defendants for their deliberate indifference towards Plaintiff in failing to implement proper policies and procedures to assure and to properly train and supervise its officers with regard to constitutional rights to due process and search and seizures. In support of this Complaint, Plaintiff states as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter because it concerns a controversy arising under the Constitution of the United States. 28 U.S.C. § 1331. This is a civil rights action brought under 42 U.S.C. §§ 1983 and 1988.

2. This Court also has jurisdiction of this action by virtue of 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), authorizing jurisdiction of claims brought under 42 U.S.C. § 1983 to enforce civil rights guaranteed by the United States Constitution.

3. Plaintiff also invokes the supplemental jurisdiction of this Court for state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

4. Venue in this jurisdiction is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## Parties

5. Plaintiff, Beonka Turner ("Ms. Turner"), is a citizen of the United States, resides in Etowah County, Alabama, and is over the age of nineteen (19) years old.

6. Defendant, City of Gadsden ("Defendant" or "Gadsden"), is a municipal corporation located within Etowah County, Alabama.

7. Defendant, Brian Harbison, is now, and was at all times relevant hereto, the head of the building department of the City of Gadsden. Upon information and

belief, Mr. Harbison is a resident of Etowah County, Alabama, and is sued individually and in his official capacity.

8. Defendant, John Crane, was at all times relevant to this cause of action, the chief of police of the City of Gadsden. Upon information and belief, Mr. Crane is a resident of Etowah County, Alabama, and is sued individually and in his official capacity.

9. Hereinafter, each of the above referenced Defendants will be referred to collectively as "Defendants" unless specifically referenced to individually.

## Factual Allegations

10. At all times, relevant hereto, Plaintiff, Ms. Turner, resided at 915 Avenue A, Gadsden, Alabama 35901. Ms. Turner lived in the home with her mother, her boyfriend, and their minor child.

11. On or about April 22, 2015, the Gadsden building department, accompanied by a number of Gadsden police officers and/or the narcotics unit, arrived on Avenue A in Gadsden and blocked off the street.

12. Thereafter, Defendants, their officers, agents, and/or employees busted down the front door of Plaintiff's home, entered and began searching the home. The search and/or "inspection" was made by the building department accompanied by Gadsden police officers and/or its narcotics unit.

13. Defendants, their officers, agents, and/or employees stated they were there to inspect the premises pursuant to a building inspection warrant. However, no warrant of any nature was shown or provided to Plaintiff.

14. Defendants, their officers, agents, and/or employees proceeded to search the home and leave it in disarray. While allegedly "searching for building code violations," Defendants overturned furniture and mattresses, knocked pictures off the walls, looked in drawers, closets, and searched areas well in excess of any alleged building violations.

15. After thoroughly searching the inside of Plaintiff's home, Defendants, their officers, agents, and/or employees proceeded to search a detached shed in the back yard.

16. As a result of the unreasonable, unwarranted, and/or unlawful search, Plaintiff was unlawfully arrested.

17. As a result of the unreasonable, unwarranted, and/or unlawful search, Plaintiff's home was condemned. Plaintiff was forced to find alternate housing for her and her minor child, separate and apart from the child's father.

18. Plaintiff avers that the actions of Defendants, their officers, agents, and/or employees violated the due process rights afforded Plaintiff, as well as her constitutional right to be free from unreasonable search and seizure, to be free of

unwarranted intrusions into her home, privacy, and solitude and to be able to peacefully enjoy life, liberty, and property.

19. As a direct and proximate result of the conduct described above, Plaintiff was unlawfully arrested, was forced to vacate her home, and has been forced to find alternate housing for her and her minor child, separate and apart from the child's father. Additionally, Plaintiff has suffered physically, mentally, and emotionally, including, but not limited, physical sickness, fear, loss of sleep, embarrassment, humiliation, loss of appetite, anxiety, mental anguish, and monetary loss.

20. Defendants tolerated and institutionalized practices, and ratified the misconduct stated above by:

A. Failing to properly train, discipline, restrict and control its employees, agents, officers and/or representatives.

B. Failing to implement adequate precautions in the hiring, promotion and retention of city officials and/or law enforcement personnel;

C. Establishing a pattern and practice of tolerating and suppressing the improper use of building inspectors and municipal ordinances to conduct improper searches and seizures.

D. Using the building department as a guise for police and/or narcotics officers to gain entry into citizens' homes to conduct illegal KGB-style drug raids.

**COUNT I**
**DENIAL OF DUE PROCESS**

21. Plaintiff adopts and incorporates paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff avers Defendants, their officers, agents and/or employees, acting under color of law in violation of 42 U.S.C. § 1983, violated the due process afforded Plaintiff under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution as well as Alabama laws.

23. Defendants, by and through their building inspectors, narcotics division, and/or police officers, acting under the color of state law, seized and condemned Plaintiff's home without any hearing, notice, warrants, reasonable cause and/or applicable procedures required by law. Defendants' agents merely entered Plaintiff's home, without reasonable cause, for the purposes of a drug search, and then subjectively determined and declared the home to be a nuisance and required Plaintiff to vacate. Such action is in violation of Plaintiff's rights to due process as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution and Alabama laws.

24. Additionally, Defendants, their officers, agents, and/or employees, conducted an unreasonable, unwarranted, and/or unlawful search of Plaintiff's home that resulted in an unlawful arrest of Plaintiff. Such actions were in violation of Plaintiff's rights to due process as guaranteed by the United States Constitution and Alabama laws.

25. As a result of these violations of Plaintiff's right to due process, Plaintiff was unlawfully arrested, forced to vacate her home and forced to find alternate housing for her and her minor child, separate and apart from the child's father.

26. The actions of Defendants as alleged above were done pursuant to one or more interrelated de facto policies, practices, and/or customs of the City of Gadsden, its police department, and/or its building department.

27. As a proximate consequence of Defendants' violations of Plaintiff's rights to due process, Plaintiff has suffered injuries of loss of liberty and injury to dignity and the damages described in Paragraphs 18 and 19 above for which Plaintiff seeks damages, costs, attorneys' fees, and such other relief that this Court deems appropriate.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT

28. Plaintiff adopts and incorporates paragraphs 1 through 20 as if fully set forth herein.

29. Plaintiff avers that Defendants, by and through their building inspectors, narcotics division, and/or police officers, acting under color of state law in violation of 42 U.S.C. § 1983, violated her Fourth Amendment rights to be free from unlawful searches and unreasonable seizure.

30. Under the Fourth Amendment, every person has a right not to be subjected to an unreasonable search of one's home or dwelling or to be deprived of her property. Plaintiff avers Defendants' unwarranted search of her home was unlawful, as was the seizure of her home through condemnation.

31. Plaintiff avers that in violation of the Fourth Amendment, Defendants, their officers, agents, and/or employees, busted down the door to her home and searched it without probable cause or legal authority to do so. Defendants fabricated conditions of uninhabitiability and/or dangers and condemned Plaintiff's home, requiring Plaintiff to vacate her home, seek and spend money on alternate housing for her and her minor child, and seek legal assistance.

32. As a result of this violation of Plaintiff's rights to be free from unlawful searches and unreasonable seizures, Plaintiff's home was seized, she was deprived of her constitutional right to be free of illegal, unreasonable search and seizure, deprived of her right to privacy, and deprived of her right to the free and peaceful enjoyment of her home.

33. Further, Plaintiff avers that Defendants, their officers, agents, and/or employees unlawfully detained Plaintiff against her will and unlawfully arrested Plaintiff, thereby depriving Plaintiff of her liberty and violating her due process rights.

34. As a proximate consequence of Defendants' violations of Plaintiff's Fourth Amendment rights, Plaintiff has suffered injuries of loss of liberty, injury to dignity, and the damages described in Paragraphs 18 and 19 above for which Plaintiff seeks damages, costs, attorneys' fees, and such other relief as this Court deems appropriate.

## COUNT III
## FALSE ARREST AND FALSE IMPRISONMENT

35. Plaintiff adopts and incorporates paragraphs 1 through 20 above as if fully set forth herein.

36. Defendants are liable for false imprisonment and false arrest for unlawfully arresting and detaining Plaintiff based upon the unwarranted, improper, and illegal search of her home, thereby depriving Plaintiff of her personal liberties in violation of due process, the United States Constitution, the Alabama Constitution, Ala. Code § 6-5-170, and Alabama common law.

37. Plaintiff's physical freedom was restricted and at all times relevant, Plaintiff was aware of her confinement.

38. As a proximate result of the actions of Defendants, their officers, agents, and/or employees, Plaintiff suffered a loss of liberty, physical discomfort, embarrassment, anxiety, mental anguish, and other damages as set out in Paragraphs 18 and 19 above for which Plaintiff seeks damages, costs, attorneys' fees, and such other relief that this Court deems appropriate.

## COUNT IV
## TRESPASS

39. Plaintiff adopts and incorporates paragraphs 1 through 20 above as if fully set forth herein.

40. At all times relevant to this cause of action, Plaintiff was lawfully entitled to possession of her home, free from unlawful interference from Defendants, their officers, agents, and/or employees.

41. Defendants, their officers, agents, and/or employees intentionally, negligently, or wantonly entered Plaintiff's property without her consent and without the legal authority to do so.

42. Alternatively, Defendants, their officers, agents, and/or employees intentionally, negligently, or wantonly exceeded the scope of any consent or authority to enter the home under an alleged building department warrant.

43. Defendants' and/or their officers', agents' and/or employees' unlawful entry onto Plaintiff's property proximately resulted in harm to Plaintiff including damage to the real property and Plaintiff's personal property inside the premises.

**COUNT V**
**NEGLIGENT SUPERVISION**

44. Plaintiff adopts and incorporates paragraphs 1 through 20 as if fully set forth herein.

45. Defendants failed to monitor the activities of its building inspectors, law enforcement officers, agents, and/or employees, and failed to properly supervise their activities and prevent the unlawful conduct described herein.

46. Defendants knew or should have known that the actions taken by their officers, agents, and/or employees violated Plaintiff's constitutional rights.

47. As a proximate result of Defendants' actions, Plaintiff suffered the damages set out in Paragraphs 18 and 19 above and for which Plaintiff seeks damages, costs, attorneys' fees, and such other relief that this Court deems appropriate.

**COUNT VI**
**INADEQUATE TRAINING**

48. Plaintiff adopts and incorporates paragraphs 1 through 20 as if fully set forth herein.

49. Defendants negligently failed to adequately train its building inspectors, law enforcement officers, agents, and/or employees in the areas of proper condemnation procedures, due process rights, and proper search and seizures.

Defendants therefore exhibited reckless disregard for, and deliberate indifference to Plaintiff's rights to liberty, property, and peaceful enjoyment.

50. As a proximate result of Defendants' actions, Plaintiff suffered the damages set out in Paragraphs 18 and 19 above for which Plaintiff seeks damages, costs, attorneys' fees, and such other relief that this Court deems appropriate.

**COUNT VII**
**INVASION OF PRIVACY**

51. Plaintiff adopts and incorporates paragraphs 1 through 20 as if fully set forth herein.

52. Defendants, their officers, agents, and/or employees unlawfully, without cause and/or under false pretenses, entered into Plaintiff's home and/or prohibited occupancy of her home for no legitimate purpose, constituting an invasion of privacy as set out and described in the common law of the State of Alabama.

53. Said invasion was negligent and/or reckless and a violation of Plaintiff's right to privacy and solitude.

54. Said invasion constitutes the wrongful intrusion into Plaintiff's private home, matters and activities, and in intrusion into her solitude and seclusion.

55. As a proximate result of Defendants' actions Plaintiff suffered the damages set out in Paragraphs 18 and 19 above for which Plaintiff seeks damages, costs, attorneys' fees, and such other relief that this Court deems appropriate.

**GENERAL PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff seeks judgment as follows:

A. Declare that the actions of Defendants, by and through their building inspectors, narcotics division, and/or police officers, constituted a violation of Plaintiff's constitutional rights as described herein;

B. Award Plaintiff compensatory damages for the injuries and damages she has sustained as a result of the constitutional violations suffered pursuant to 42 U.S.C. § 1983;

C. Award Plaintiff compensatory damages against Defendants for their violations of the laws of the State of Alabama;

D. Award Plaintiff punitive damages against Defendant Harbison and Defendant Crane;

E. Award Plaintiff attorneys' fees and costs as provided by 42 U.S.C. §§ 1983 and 1988, and/or common law;

F. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted this 22nd day of April 2017.

**/s/ Charles J. Lorant**
Charles J. Lorant (asb-6465-o87c)
Attorney for Plaintiff

OF COUNSEL:
LORANT LAW GROUP
P.O. Box 660465
Birmingham, Alabama 35226
Phone: 205.208.0520
Fax: 205.208.0521
clorant@lorantlawgroup.com

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS**

**Please Serve Defendants Via Certified Mail:**

CITY OF GADSDEN
c/o Gadsden City Clerk
90 Broad Street
Gadsden, Alabama 35902

BRIAN HARBISON
90 Broad Street
Gadsden, Alabama 35902

JOHN CRANE
c/o Gadsden City Clerk
90 Broad Street
Gadsden, Alabama 35902

CC: Jack Lee Roberts, Esq.
(via email lroberts@cityofgadsden.com)

**/s/ Charles J. Lorant**
OF COUNSEL